■ KEY BANK OF NEW YORK, Respondent, v RENALD E. DEMBS, Appellant, et al., Defendants. [665 NYS2d 215] —Order unanimously affirmed without costs. Memorandum: Because the subpoenas at issue are not part of the record, we cannot review the contentions of Renald E. Dembs (defendant) that Supreme Court erred in quashing the subpoena served upon David Peatfield and in failing to compel Steven Pierce to produce corporate records pursuant to a subpoena served upon him (*see, Solomon v Solomon*, 206 AD2d 971, 972; *see also, People v Peak*, 214 AD2d 1012, 1013, *lv denied* 86 NY2d 800). Moreover, the record establishes that defendant impermissibly issued the subpoena to Pierce during trial for the purpose of discovery, including whether certain documents exist (*see, Matter of Terry D.*, 81 NY2d 1042, 1044; *Matter of State of N. Y.— Off. of Mental Retardation & Dev. Disabilities v Mastracci*, 77 AD2d 473, 475).

There is no merit to defendant's contention that the testimony of plaintiff's appraiser was "manifestly untrue, physically impossible, contrary to experience or self-contradictory"

and thus incredible as a matter of law (*Matter of Welcher v Sobol*, 227 AD2d 770, 772). Although defendant asserts that adjustments made by the appraiser to certain comparable sales are different from adjustments he made to those same sales in an earlier appraisal of the same property, defendant did not cross-examine the appraiser concerning those discrepancies or call the court's attention to those discrepancies during summation. Further, we conclude that there is no basis to disturb the court's resolution of credibility issues (*see, Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 467-468, *appeal dismissed* 88 NY2d 951, *lv denied* 88 NY2d 816). (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Disclosure.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.